UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANNELISE FARNES,

    *Plaintiff*,

v.

METROPOLITAN GROUP PROPERTY AND CASUALTY INSURANCE COMPANY,

    *Defendant*.

CASE NO. 2:18-cv-1882-BJR

ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE A SUR-REPLY

Plaintiff requests leave to file a sur-reply to Defendant Metropolitan Group Property and Casualty Insurance Company's ("MetLife") Motion for Summary Judgment [Dkt. No. 15]. Dkt. No. 30. Plaintiff asserts that a sur-reply is necessary to: (1) address cases MetLife cited for the first time in its reply brief; (2) address new arguments allegedly raised for the first time in the reply brief; and (3) strike allegedly inadmissible evidence cited in the reply brief.

Local Rule LCR 7(g) permits a party to file a sur-reply to request that the court strike material contained in an opposing party's reply brief. *See* Local Rules W.D. Wash. LCR 7(g). Any such sur-reply, however, "shall be strictly limited to addressing the request to strike." LCR

1

7(g)(2). "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*.; *DZ Bank AG Deutsche Zentral-Genossenschaftsbank v. Connect Ins. Agency, Inc*., 2015 WL 3797162, fn. 9 (W.D. Wash. June 17, 2015); *Gauthier v. Twin City Fire Insurance Company*, 2015 WL 12030097, *1 (W.D. Wash. July 15, 2015).

Plaintiff's first two stated reasons for requesting leave to file a sur-reply—to address cases and allegedly new arguments raised in MetLife's reply brief—are not proper grounds for filing a sur-reply under LCR 7(g). *Gauthier*, 2015 WL 12030097, *1 (W.D. Wash. July 15, 2015) (noting that "the local rules do not provide a mechanism to submit additional argument" or to address "citation to law issued" before the motion briefing was complete).

However, Plaintiff's request to strike certain materials in the reply brief is an appropriate, indeed the only, basis for filing a sur-reply. Plaintiff claims that MetLife made numerous factual statements in its reply brief that are unsupported by the record and requests that these unsupported allegations be stricken. Plaintiff does not specify which allegations she is referring to; nevertheless, this Court agrees that the reply brief contains several allegations that are not supported by citations to the record. In such instances, the Court did not factor the allegations into its decision.

Plaintiff also claims that MetLife relied on documents that contain hearsay, and as such, should be stricken as inadmissible evidence. Again, Plaintiff does not specific to which documents she objects. However, the Court assumes that Plaintiff is referencing the internal emails that MetLife submitted through an affidavit in support of its reply brief. Such emails fall within an exception to the hearsay rule for records of regularly conducted activity and, thus, are admissible. FRCP 803(6).

Based on the foregoing, the Court HEREBY DENIES Plaintiff's request for leave to file a sur-reply [Dkt. No. 30].

Dated this 31st day of July, 2019.

*Barbara J. Rothstein*
Barbara Jacobs Rothstein
U.S. District Court Judge